Ji_PLOTKIN, Judge.
Both parties to this appeal contest a trial court judgment assigning 50 percent of the fault to each party for causing an automobile accident which resulted in injury to plaintiff Jennifer Ashby. Additionally, Ms. Ashby seeks an increase in the amount of general damages awarded by the trial court. For the reasons which follow, we affirm the trial court judgment.

Facts

Ms. Ashby allegedly suffered injury as the result of an October 14, 1995 collision between the automobile she was driving and a draft beer delivery truck owned by defendant Anheuser-Busch, Inc., and driven by defendant Peter T. Piazza Jr. The accident occurred while both vehicles attempted to make a right-hand turn at the corner from Napoleon Avenue onto St. Charles Avenue in the City of New Orleans. The accident report and all the evidence presented at trial indicates that Ms. Ashby’s car occupied the lane closest to the right curb, also used as a bus stop for Napoleon buses, while the deliv *602 ery track was located to the | ¿eft of the car, in the center lane, which is primarily used as the right lane of traffic on Napoleon Avenue. The accident occurred when both vehicles attempted right-hand turns simultaneously.
Following the accident, Ms. Ashby was treated by at least two different doctors for severe sprains to the cervical spine, the tra-pezius muscle, and lumbosacral. Moreover, Dr. Stewart E. Altman diagnosed originally a possible nerve root compression and par-esthesias of the left upper extremity. Ms. Ashby was not released from treatment until some 13 months after the accident.
Ms. Ashby filed suit against Anheuser-Busch and Mr. Piazza. Following a non-jury trial, the court entered judgment finding-each of the parties 50 percent at fault in causing the accident, and setting Ms. Ashby’s damages at $14,488, including $9,000 in general damages. Anheuser-Busch and Mr. Piazza were cast in judgment for half of the damages, $7,244. In assigning oral reasons for his judgment, the trial judge stated as follows:
The Court, having heard the testimony, the evidence, and the argument of counsel, hereby renders the following findings of fact: that there was an accident which took place within the Parish of Orleans on the date in question at the intersection of St. Charles and Napoleon Avenue, that this incident occurred when these vehicles collided while both were attempting to negotiate a right turn onto St. Charles from Napoleon.
The Court believes that the law requires that each party making such a right turn remain as close to the curb as possible for safe negotiation. The law also requires that each driver maintain an appropriate lookout so that he or she may see what should be seen so that they can viably avoid an accident.
The Court finds that in this particular instance, it is difficult for the Court to say whether or not the track driver was in fact as far over as he should have been. It is also rather difficult to determine whether or not the plaintiff had yielded enough time or waited to see what she should have seen, i.e., or more to the point, the truck driver attempting the negotiate its turn.
The Court believes that, in all probability, that the facts are somewhat askew here and that these two individuals were each equally at fault in the cause of this accident. For that reason, I find that the plaintiff was 50 percent comparatively negligent.
| ^Anheuser-Busch and Mr. Piazza filed the instant appeal, assigning as error the trial court’s finding that they were 50 percent liable in causing the accident. Ms. Ashby answered the appeal, assigning as error the trial court’s finding that she was 50 percent liable in causing the accident, as well as the amount of general damages awarded.

Comparative fault of the parties

Both parties to this appeal claim that the other party should have been held 100 percent liable for causing Mr. Ashby’s damages. Anheuser-Busch and Mr. Piazza argue that the trial court erroneously disregarded the testimony of a disinterested eyewitness, while erroneously relying on the inconsistent testimony of Ms. Ashby. Ms. Ashby claims that the applicable statutory law, as well as the physical evidence, dictate a judgment holding Mr. Piazza 100 percent at fault.
LSA-R.S. 32:101(A) provides as follows:
Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.
Ms. Ashby invokes the above statute in support of her argument that Anheuser-Busch and Mr. Piazza should have been found 100 percent liable for the accident which caused her damages. She challenges the argument of Anheuser-Busch and Mr. Piazza that the accident was actually caused by her decision to “squeeze through,” claiming that the physical evidence negates that argument.
Conversely, Anheuser-Busch and Mr. Piazza allege that the trial court improperly disregarded the testimony of Robert C. Ar-ceneaux, manager of Copeland’s Restaurant, located at the corner of Napoleon and St. Charles avenues where the accident occurred. In fact, Mr. Piazza had completed a *603 delivery to Copeland’s Restaurant just prior to the accident. Mr. Arceneaux testified that he 14was working under the patio outside the restaurant at the time of the accident. Mr. Arceneaux described the accident at trial as follows:
Well, I was on the patio. Pete had already delivered the beer. And he pulled onto Napoleon and started to go to the right-hand lane to take off. And I was on the patio when he came to the red light. He was there first. He was turning. And then I was sitting on the patio. And all of a sudden, I mean, it’s like it happened in slow motion. And then the young lady, she pulled up behind him. And then she went to go try to squeeze through when the light turned green.
Asserting that Mr. Arceneaux was a “disinterested” witness, Anheuser-Busch and Mr. Piazza claim that his testimony should have been accepted by the trial judge, implying that acceptance of Mr. Arceneaux’s testimony dictates a finding that Ms. Ashby was 100 percent at fault in causing the accident. Ms. Ashby attempts to discredit Mr. Arceneaux’s testimony by asserting that he was “friendly” with Mr. Piazza and by pointing to the fact that he did not give a statement or his name to the police officer investigating the accident.
Moreover, Anheuser-Busch and Mr. Piazza argue strenuously that Ms. Ashby’s testimony should not have been accepted by the judge, asserting that it was inconsistent with her prior statements to an insurance adjustor, as well as her sworn deposition testimony concerning the point at which she first saw the Anheuser-Busch truck. Ms. Ashby attempts to explain the alleged inconsistencies, claiming Anheuser-Busch and Mr. Piazza simply misunderstood her prior statement and deposition testimony.
Our review of the record evidence convinces us that the trial court judgment assigning 50 percent of the fault for causing the accident to each party is not manifestly erroneous. The fact is that the trial court accepted the testimony of all of the witnesses. Rather than making a credibility call, as the parties indicate, the trial court actually found all of the witnesses credible. The trial court’s oral ^reasons for judgment indicate that he believed that Mr. Piazza failed to comply with the requirement of LSA-R.S. 32:101(A) that both the approach and the execution of right turns be made “as close as practicable to the right-hand curb or edge of the roadway,” as Ms. Ashby argues. Moreover, the trial judge’s reasons for judgment indicate that he believed the testimony presented by Anheuser-Busch and Mr. Piazza that Ms. Ashby was not as attentive as she should have been when she drove her car into the far right lane next to the delivery truck, which was preparing to make a right-hand turn from the standard right lane. Considering the fact that the accident occurred because both parties were trying to execute a right turn, the trial court’s decision to credit the testimony presented by both parties was not unreasonable. Accordingly, the trial court judgment assigning 50 percent of the fault for causing the accident to both parties is hereby affirmed.

Quantum

Ms. Ashby claims that the $9,000 in general damages awarded by the trial court was unreasonably low under the circumstances of this ease. Specifically, Ms. Ashby points to the fact that she was not finally discharged from the care of Dr. Altman until some 13 months after the accident as evidence that she should have received more than $9,000 in general damages. She also points to the fact that she was initially diagnosed as suffering from severe sprains, par-aesthesia of the upper extremity, and possible nerve root compression.
In support of her argument that the general damage award was unreasonably low, Ms. Ashby points to several other eases involving plaintiffs with somewhat similar injuries who received higher general damage awards. However, it is well-settled in Louisiana law that a reviewing court may consider awards in similar cases only after determining that the award in the case under consideration was | (¡improper. Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226 (La.App. 4 Cir.1991), writs denied, 592 So.2d 1299-1300 (La.1992).
*604 In the instant ease, a review of the evidence of Ms. Ashby’s injuries convinces us that the trial court judgment awarding $9,000 in general damages was not improper. Although Ms. Ashby did suffer some discomfort which affected her life for a significant period of time, she apparently did not miss any work. Moreover, the only evidence of the effect of Ms. Ashby’s injuries presented at trial were the reports of her treating physicians. The record is devoid of any specific evidence of the effect of the injuries on Ms.. Ashby’s lifestyle, if any. Under the circumstances, modification of the amount of general damages awarded by the trial court is inappropriate.

Conclusion

Accordingly, the trial court judgment is affirmed in all respects.
AFFIRMED.